UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Tanya Rosario, et al.,

                                 Plaintiffs,                7:22-CV-9855 CS-VR

                -against-                               **ORDER AND OPINION**

Community Housing Management Corp., et al.,

                                 Defendants.
-----------------------------------------------------------------X
Chenelle Saintil, Denise Saintil,

                                 Plaintiffs,                7:22-CV-9857 CS-VR

                -against-                               **ORDER AND OPINION**

Community Housing Management Corp., et al.,

                                 Defendants.
-----------------------------------------------------------------X

**VICTORIA REZNIK, United States Magistrate Judge:**

      By letter motions, Plaintiffs in these two actions[1] move to seal documents submitted to the Court in connection with their respective Motions to Amend their Complaints.[2] Those documents include: (1) the entire "Facts Common to All Counts" section of the proposed First Amended Complaints;[3] (2) paragraphs 7 to 57 of Marc W. Garber's affidavits in support of the Motions to Amend;[4] (3) the entire statement of facts and portions of the argument sections of

---

[1] These two actions were referred to the undersigned for general pretrial supervision. ECF No. 90 (*Rosario*); ECF No. 87 (*Saintil*).

[2] ECF No. 118 (*Rosario*); ECF No. 114 (*Saintil*).

[3] ECF No. 119-2 (*Rosario*); ECF No. 115-2 (*Saintil*).

[4] ECF No. 119-1 (*Rosario*); ECF No. 115-1 (*Saintil*).

Plaintiffs' Memoranda of Law in Support of their Motions to Amend;[5] and (4) the entirety of Exhibits F to DDD (encompassing 51 exhibits) of Plaintiffs' proposed First Amended Complaints.[6] Subsequent party letters reveal that the real parties interested in sealing these documents are the Community Defendants. For the reasons explained below, Plaintiffs' motions to seal are **DENIED** in their entirety without prejudice to renewal within seven days by the Community Defendants (except that the Community Defendants may not renew their requests to seal Exhibits I, K, Q, T, and V). The Court will treat the Community Defendants' letter responses as requests to seal Exhibits I, K, Q, T, and V,[7] which are **GRANTED** in part and **DENIED** in part. Exhibits I, K, Q, and V shall be redacted to the extent that these exhibits contain identifying information, such as the names, telephone numbers, and addresses, of non-party tenants. The remainder of these exhibits and Exhibit T shall not be sealed.

### I. BACKGROUND

On January 26, 2024, Plaintiffs filed their Motions to Amend their Complaints.[8] Concurrently, Plaintiffs requested leave to file portions of their motion under seal.[9] Specifically, Plaintiffs asked to seal (1) the entire "Facts Common to All Counts" section of the proposed First Amended Complaints;[10] (2) paragraphs 7 to 57 of Marc W. Garber's affidavits in support of the

---

[5] ECF No. 119-7 (*Rosario*); ECF No. 115-7 (*Saintil*).

[6] Exhibits F to DDD were submitted to the Court by email and do not appear on the docket.

[7] ECF No. 129 (*Rosario*); ECF No. 123 (*Saintil*).

[8] ECF No. 119 (*Rosario*); ECF No. 115 (*Saintil*).

[9] ECF No. 118 (*Rosario*); ECF No. 114 (*Saintil*).

[10] ECF No. 119-2 (*Rosario*); ECF No. 115-2 (*Saintil*).

Motions to Amend;[11] (3) the entire statement of facts and portions of the argument sections of Plaintiffs' Memoranda of Law in Support of their Motions to Amend;[12] and (4) Exhibits F to DDD (totaling 51 exhibits) to Plaintiffs' proposed First Amended Complaints.  In explaining their requests to seal, Plaintiffs wrote that the parties had "concerns about filing a motion which contained bates-stamped confidential documents received from opposing counsel."[13]  In response, the Court directed Plaintiffs to file a letter, summarizing the items they seek to file under seal and explaining the bases for sealing them.[14]  Plaintiffs then explained that they had "redacted anything and everything that could remotely be challenged by defendants as a breach of the Protective Order" because Defendants had refused to lift confidentiality designations of many documents Plaintiffs seek to attach as exhibits to their Amended Complaint.[15]  Plaintiffs asserted that the Madison Defendants had agreed to lift the confidentiality designations from Exhibits S, U, V, W, H, and DDD, but not from Exhibits I, K through R, T, X through OO, QQ through VV, and XX through BBB (approximately 39 exhibits).[16]

The Madison Defendants responded that they "do[] not object to removing the confidentiality designation with respect to any of the documents Plaintiffs filed under seal, . . . subject to an agreement by counsel that to the extent any documents contain identifying information for any tenants other than Plaintiffs such information will be redacted in public

---

[11] ECF No. 119-1 (*Rosario*); ECF No. 115-1 (*Saintil*).

[12] ECF No. 119-7 (*Rosario*); ECF No. 115-7 (*Saintil*).

[13] ECF No. 118 (*Rosario*); ECF No. 114 (*Saintil*).

[14] ECF No. 120 (*Rosario*); ECF No. 116 (*Saintil*).

[15] ECF No. 125 (*Rosario*); ECF No. 119 (*Saintil*).

[16] ECF No. 125 (*Rosario*); ECF No. 119 (*Saintil*).

filings."[17] But because some of the documents were also produced by the Community Defendants, who were planning on making an application to retain the seal on certain documents, "Madison did not believe it was appropriate for the documents to be publicly filed until Community's anticipated application was adjudicated."[18]

In response, the Community Defendants state that they seek to maintain Exhibits I, K, Q, T, and V under seal.[19] Exhibits I, K, Q, and V contain letters from non-plaintiff tenants to Defendants and Exhibit T contains correspondence between Defendant Conroy to Defendant Feliciano.[20] They argue that "[t]he documents at issue are not 'judicial documents,' so there is no presumptive right of public access to the documents as they consist of correspondence from non-plaintiff tenants and internal memoranda between Community Housing and its employees."[21] They also argue that judicial efficiency would "not be impacted" because the Court possesses unredacted copies of these documents, that unsealing non-plaintiff tenants' correspondence "can potentially violate the privacy interest of non-parties," and that unsealing Defendant Conroy's memorandum would cause financial and reputational harm.[22] It is unclear to the Court whether the Community Defendants also seek to maintain any of the remaining exhibits under seal or whether they seek redactions to Plaintiffs' proposed Amended Complaints, Memoranda of Law, and Mr. Garber's Affidavits.

---

[17] ECF No. 128 at 1–2 (*Rosario*); ECF No. 122 at 1–2 (*Saintil*).

[18] ECF No. 128 at 2(*Rosario*); ECF No. 122 at 2 (*Saintil*).

[19] ECF No. 129 at 1 (*Rosario*); ECF No. 123 at 1 (*Saintil*).

[20] ECF No. 129 at 1(*Rosario*); ECF No. 123 (*Saintil*).

[21] ECF No. 129 at 2 (*Rosario*); ECF No. 123 at 2 (*Saintil*).

[22] ECF No. 129 at 2 (*Rosario*); ECF No. 123 at 2 (*Saintil*).

Plaintiffs reply that they do not object to redacting identities, such as addresses and telephone numbers, in Exhibits I, K, Q, and V.[23] Plaintiffs also seem to acknowledge that unsealing Exhibit T may result in reputational harm but assert that "there is nothing confidential or proprietary" within the document.[24]

## II. DISCUSSION

### A. Applicable Law

"Judicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution," *Olson v. Major League Baseball*, 29 F.4th 59, 87 (2d Cir. 2022), and is secured by the First Amendment, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016). A "judicial document" is "a filed item that is relevant to the performance of the judicial function and useful in the judicial process." *Bernstein*, 814 F.3d at 139 (internal quotation marks omitted). To overcome the presumption of public access, the court must make "specific, on-the-record findings" for each individual document that sealing (1) "is necessary to preserve higher values," and (2) "is narrowly tailored to achieve that aim." *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019).

### B. Plaintiffs' Seal Requests

Contrary to the Community Defendants' position, the documents at issue are judicial documents.[25] A "Complaint and its supporting exhibits are plainly judicial documents subject to a presumption of public access." *GSC Logistics, Inc. v. Amazon.com Servs. LLC*, 23-cv-5368,

---

[23] ECF No. 131 at 1 (*Rosario*); ECF No. 125 at 1 (*Saintil*).

[24] ECF No. 131 at 2 (*Rosario*); ECF No. 125 at 2 (*Saintil*).

[25] ECF No. 129 at 2 (*Rosario*); ECF No. 123 at 2 (*Saintil*).

2023 WL 4993644, at *4 (S.D.N.Y. Aug. 4, 2023); *Bernstein*, 814 F.3d at 140.[26]  Some cases have explained that "exhibits to a complaint are judicial documents only if they are *currently* relevant to the judicial function, regardless of whether they could later become relevant." *Suber v. VVP Servs., LLC*, No. 20-cv-8177, 2023 WL 4817551, at *3 (S.D.N.Y. July 27, 2023) (internal quotation marks omitted).[27]  But the Community Defendants do not explain how the exhibits are not relevant to the judicial function.[28]  Thus, to grant a seal, the Court must make "specific, on-the-record findings" for each individual document that sealing (1) "is necessary to preserve higher values," and (2) "is narrowly tailored to achieve that aim." *Brown*, 929 F.3d at 47–48.  Here, with respect to Plaintiffs' motion, the requests to seal are "significantly overbroad and insufficiently justified." *Bowling v. Johnson & Johnson*, No. 17-cv-3982, 2019 WL 1760162, at *8 (S.D.N.Y. Apr. 22, 2019).  For example, Plaintiffs' motion seeks to seal the entire fact sections of their proposed First Amended Complaints and their Memoranda of Law, 50 paragraphs of Mr. Garber's affidavit, and more than 50 exhibits in their entirety.  Yet, the parties "have not provided the Court with sufficient or particularized justifications for the broad sealing that they seek, making it impossible for the Court to weigh the countervailing interests." *Id.* at *9.  Thus, Plaintiffs' motions to seal are **DENIED** in their entirety.  But the Court

---

[26] *Bernstein*, 814 F.3d at 140 ("We therefore hold that pleadings—even in settled cases—are judicial records subject to a presumption of public access."); *Moore v. Experian*, No. 23-cv-673, 2023 WL 7491515, at *1 (S.D.N.Y. Nov. 9, 2023) ("Documents that, as here, form part of the pleadings, are judicial documents to which a 'strong' presumption of public access applies."); *Vinci Brands LLC v. Coach Servs., Inc.*, No. 23-cv-5409, 2023 WL 6289969, at *1 (S.D.N.Y. Sept. 27, 2023) ("[T]he exhibits to the parties complaints and the cross-motions for a temporary restraining order and preliminary injunction, accompanying exhibits and the memoranda of law in support of the cross-motions are judicial documents.").

[27] *Civ. Rts. Corps v. Pestana*, No. 21-cv-9128, 2022 WL 220020, at *3 (S.D.N.Y. Jan. 25, 2022) (same).

[28] The Community Defendants attempt to distinguish *In re Search Warrant*, No. 16-mc-464, 2016 WL 7339113, at *3 (S.D.N.Y. Dec. 19, 2016), a case concerning a search warrant. It is not clear why this search warrant case has any bearing on the issues here or why it even needs to be distinguished at all.  In any case, the Court has found ample, on-point cases, holding that exhibits to a complaint are judicial documents.  *See supra* note 26.

recognizes that the real party in interest to the seal requests are the Community Defendants,[29] whose letters do not make clear whether they seek to seal any exhibits beyond those identified in their letter or whether they seek to maintain redactions to Plaintiffs' proposed Amended Complaints, Memoranda of Law, and Mr. Garber's Affidavits. As a result, the Court will grant leave for the Community Defendants to request a seal for these materials (except for Exhibits I, K, Q, T, and V addressed below), provided that the Community Defendants can justify such a request and propose narrowly tailored redactions.

### C. Community Housing Defendants' Seal Requests

Despite the Court's ruling, the Court will treat the Community Defendants' letter responses as requests to seal Exhibits I, K, Q, T, and V.[30] As for Exhibits I, K, Q, and V, the Court will grant a seal as to identifying information of non-party tenants. "[T]hird-party privacy interests justify the requested sealing and redaction of certain private information." *SEC v. Ripple Labs, Inc.*, No. 20-cv-10832, 2023 WL 3477552, at *9 (S.D.N.Y. May 16, 2023); *see In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). Such seal shall be limited to redactions of identifying information of the non-party tenants, such as names, addresses, and telephone numbers. These redactions are narrowly tailored and would seal only information that has minimal, if any, relevance to the claims in this action. *See Ripple Labs*, 2023 WL 3477552, at *6. As such, the strong privacy interests of those resisting disclosure outweigh the presumption of public access. *Id.*

As for Exhibit T, the Court will deny the requests to seal. The potential for reputational

---

[29] Plaintiffs explain that they seek to seal the documents at issue because the Defendants have not lifted confidentiality designations. ECF No. 125 (*Rosario*); ECF No. 119 (*Saintil*). The Madison Defendants explain that they do not object to lifting the confidentiality designations, but that the Community Defendants do object to doing so, as to at least some of the documents. ECF No. 128 (*Rosario*); ECF No. 122 (*Saintil*).

[30] ECF No. 129 (*Rosario*); ECF No. 123 (*Saintil*).

or financial harm is not a sufficient basis to overcome the presumption of public access. *See Saadeh v. Kagan*, No. 20-cv-1945, 2021 WL 965334, at *2 (S.D.N.Y. Mar. 15, 2021) ("The potential for a negative impact on a party's future business or social status does not outweigh the presumption of access.").[31]  Thus, the potential reputational or financial harm to Defendant Conroy from Exhibit T is insufficient to overcome the presumption of public access.

### D. Next Steps

Because the Court has denied Plaintiffs' seal requests without prejudice to renewal by the Community Defendants, the Court will grant the Community Defendants seven days, until **March 5, 2024**, to file their own request to seal, provided that such request does not renew the request to seal Exhibits I, K, Q, T, and V.[32]  If the Community Defendants decline to file their own request to seal, then Plaintiffs should proceed as follows.  First, Plaintiffs should file a complete version of their Motion to Amend that contains redactions, limited to Exhibits I, K, Q, and V, and limited to identifying information of the non-party tenants, such as names, addresses, and telephone numbers.  To be clear, this version should include Plaintiffs' Motions to Amend, Mr. Garber's affidavits, the proposed First Amended Complaints and all their exhibits, and the

---

[31] *See also Taylor v. Child.'s Vill.*, No. 20-cv-10997, 2021 WL 467128, at *3 (S.D.N.Y. Feb. 8, 2021) ("A litigant's concerns that information contained in court documents will bring her adverse publicity or negatively impact her are insufficient reasons for a court to seal documents."); *Badinelli v. Tuxedo Club*, No. 15-cv-6273, 2018 WL 6411275, at *2 (S.D.N.Y. Dec. 6, 2018) (finding plaintiff's "interest in privacy, professional reputation, and earning capacity" did not outweigh the "interest in public access to the record"); *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 169 (S.D.N.Y. 2018) (collecting cases); *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 470 (S.D.N.Y. 2017) ("A possibility of future adverse impact on employment or the celebrity status of a party is not a 'higher value' sufficient to overcome the presumption of access to judicial documents.").

[32] The Community Defendants are advised that the mere fact that some of the documents may be designated as confidential is an insufficient basis to seal those documents. *See Bowling*, 2019 WL 1760162, at *8 ("The parties are advised that the mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access.") (internal quotation marks omitted); *see also Gentile v. Crededio*, No. 21-cv-8528, 2023 WL 2535192, at *3 (S.D.N.Y. Mar. 16, 2023) ("Plaintiffs' labeling of the Work as 'Confidential' is not material to the Court's analysis.  Even though Plaintiffs allege that they signed a Confidentiality Agreement with Defendant Crededio concerning her involvement with the Work, any previously bargained-for confidentiality between the parties is not sufficient, on its own, to overcome the presumption of access.").

Memoranda of Law in support.  Second, Plaintiffs should file unredacted copies of Exhibits I, K, Q, and V and set the viewing level of these exhibits to "Selected Parties," such that the attorneys appearing for the parties, and Court personnel, may view the exhibits.  If the Community Defendants decline to file their own request to seal, then Plaintiff shall file the foregoing by no later than **March 8, 2024**.

### III.    CONCLUSION

Plaintiffs' motions to seal are **DENIED** without prejudice to renewal by the Community Defendants.  The Court treats the Community Defendants' letter responses[33] as requests to seal Exhibits I, K, Q, T, and V, which are **GRANTED** in part and **DENIED** in part.  Exhibits I, K, Q, and V shall be redacted to the extent they contain identifying information of non-party tenants, such as names, telephone numbers, and addresses.  Exhibit T shall not be sealed.  If the Community Defendants seek to renew Plaintiffs' motions to seal (not including Exhibits I, K, Q, T, and V), then they should do so by no later than **March 5, 2024**.  If the Community Defendants decline to renew the seal motions, then Plaintiffs are directed to refile their motions to amend in conformity with the instructions above, and by no later than **March 8, 2024**.

The Clerk of Court is respectfully directed to terminate the *Rosario* letter motions at ECF Nos. 118, 129 and the *Saintil* letter motions at ECF Nos. 114, 123.

**SO ORDERED.**

DATED:    New York, New York
          February 27, 2024

*[signature]*
VICTORIA REZNIK
United States Magistrate Judge

---

[33] ECF No. 129 (*Rosario*); ECF No. 123 (*Saintil*).